# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6085**

UNITED STATES OF AMERICA,

    Petitioner - Appellee,

  v.

JC YOUNGBLOOD,

    Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:18-hc-02228-D)

Submitted:  June 24, 2021           Decided:  July 12, 2021

Before MOTZ, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jaclyn L. Tarlton, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Mallory Brooks Storus, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

JC Youngblood appeals from the district court's order civilly committing him as a sexually dangerous person pursuant to the Adam Walsh Child Protection and Safety Act of 2006 (the "Act"), codified in relevant part at 18 U.S.C. §§ 4247-4248. On appeal, Youngblood contends that the district court clearly erred in finding, by clear and convincing evidence, that he would have serious difficulty in refraining from sexually violent conduct or child molestation if released. We disagree with Youngblood, and we thus affirm.

We review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Charboneau*, 914 F.3d 906, 912 (4th Cir. 2019). On clear error review, we may not reverse the district court's "finding[s] of fact simply because [we] would have decided the case differently. Rather, [we] must ask whether, on the entire evidence, [we are] left with the definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 693 F.3d 440, 451 (4th Cir. 2012) (alteration and internal quotation marks omitted). Thus, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, [we] may not reverse it even though convinced that had [we] been sitting as the trier of fact, [we] would have weighed the evidence differently." *Id.* (internal quotation marks omitted).

To obtain a civil commitment order under the Act, the Government must establish by clear and convincing evidence that

> (1) the individual has previously engaged or attempted to engage in sexually violent conduct or child molestation . . . ; (2) the individual currently suffers from a serious mental illness, abnormality, or disorder . . . ; and (3) as a result

2

of such condition, the individual would have serious difficulty in refraining from sexually violent conduct or child molestation if released.

*Charboneau*, 914 F.3d at 908 (citations and internal quotation marks omitted); *see* 18 U.S.C. § 4247(a)(5), (6). "Clear and convincing [evidence] has been defined as evidence of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established, and, as well, as evidence that proves the facts at issue to be highly probable." *United States v. Hall*, 664 F.3d 456, 461 (4th Cir. 2012) (alteration and internal quotation marks omitted).

On appeal, Youngblood concedes the first two commitment criteria. Youngblood challenges, however, the district court's finding that the Government satisfied its burden as to the third criterion—that is, that Youngblood would have serious difficulty in refraining from sexually violent conduct or child molestation if released. Youngblood's challenge encompasses two primary arguments.

First, Youngblood argues that the district court's finding as to the third criterion relies on its clearly erroneous determination that Youngblood has committed more than one hands-on sex offense. Youngblood asserts that he has perpetrated only one hands-on sex offense in his lifetime—a rape of a four-year-old boy—and that he was convicted for that offense in state court.

Second, insofar as the district court found in the alternative that the Government had satisfied its burden on the third criterion even if Youngblood has committed only one hands-on sex offense, Youngblood argues that the district court's alternative finding is also clearly erroneous. Youngblood maintains that his commission of a single hands-on sex

3

offense in his lifetime demonstrates that he would not have serious difficulty in refraining from sexually violent conduct or child molestation if released. Youngblood also asserts that his risk of sexually reoffending is low given his age and numerous health problems. In addition, Youngblood emphasizes that he will be subject to lengthy terms of federal supervision and state probation if released.

Beginning with Youngblood's first argument, we are satisfied that Youngblood has not established clear error in the district court's finding that he has committed more than one hands-on sex offense in his lifetime. The district court was entitled to credit Youngblood's statements—both before and during the bench trial—that he had perpetrated a hands-on sex offense other than the rape of the four-year-old boy.[1] Insofar as Youngblood maintains that he is an unreliable historian and that the district court thus should have rejected all of his admissions save for one (related to the rape of the young boy), the district court acknowledged that Youngblood is not always truthful about his sexual history. However, the district court was not obliged to reject all of Youngblood's statements on the ground that he sometimes fabricates stories. Put succinctly, we are not left with a definite and firm conviction that the district court was mistaken when it found

---

[1] Prior to trial, Youngblood wrote a list of other hands-on sex offenses that he had committed. At trial, Youngblood testified that he had committed at least one hands-on sex offense as a teenager and that he had committed one hands-on sex offense as an adult (the rape of the four-year-old boy). The district court permissibly relied on this evidence in making its finding. The district court also appropriately relied on the trial testimony of Youngblood's former cellmate and an expert witness.

that Youngblood has engaged in more than one hands-on sex offense. *See Wooden*, 693 F.3d at 451.

But even assuming that the district court clearly erred in making that finding, we reject Youngblood's second appellate argument and conclude that the district court did not clearly err in alternatively finding that the Government had satisfied its burden of proof as to the third criterion even if Youngblood is responsible for only a single hands-on sex offense. As the district court recognized, the third criterion of the Act does not require a minimum number of hands-on offenses. *See United States v. Bell*, 884 F.3d 500, 508 (4th Cir. 2018) ("[T]he Act plainly does not require the government to prove that a person has committed a *hands-on* child molestation or sexually violent offense as an adult to prove, by clear and convincing evidence, that he would have serious difficulty refraining from doing so if released from custody."); *United States v. Bolander*, 722 F.3d 199, 203, 214, 224 (4th Cir. 2013) (affirming commitment order under the Act where defendant was convicted of one hands-on sex offense); *United States v. Volungus*, 730 F.3d 40, 47-49 (1st Cir. 2013) (affirming commitment order under the Act where defendant was convicted of single attempted molestation offense). Consequently, to the extent that Youngblood might argue that he cannot be civilly committed because he has perpetrated only one hands-on sex offense, we are unpersuaded by such an argument.

Furthermore, in addition to Youngblood's commission of at least one hands-on sex offense, the district court identified a number of other facts supporting its finding as to the third criterion. Those facts include Youngblood's failures while on state probation for a child pornography conviction, such as refusing to enroll in a sex offender treatment

5

program, collecting more child pornography, making contact with minors without prior approval, and absconding; Youngblood's resistance to treatment and failure to recognize the wrongfulness of his past conduct; Youngblood's continued risk-relevant behavior while incarcerated, such as collecting inappropriate materials depicting children and adults posing as children; Youngblood's continued sexually deviant thoughts as reflected in his writings and drawings, plus his statements to his cellmate that he planned to rape his former lawyer and her minor daughter and to "fuck little boys and little girls" upon release (J.A. 392);[2] the results of actuarial tests demonstrating that Youngblood poses at least an above-average risk of sexually reoffending; and Youngblood's exhibition of nearly all dynamic risk factors for sexually reoffending. *See Wooden*, 693 F.3d at 462 (considering similar facts in assessing third criterion).

Youngblood responds to these damaging facts by emphasizing his age, his medical problems, and the terms of supervised release and probation that he must serve upon release. However, the district court considered those circumstances and appropriately determined that they did not require a different result. With respect to his age, Youngblood's sexually deviant thoughts and risk-relevant behaviors have persisted in recent years. As for Youngblood's health problems, Youngblood does not explain how they might impede his ability to sexually reoffend. Finally, regarding Youngblood's terms of supervised release and probation, Youngblood has been unwilling or unable to follow the conditions of his probation in the past.

---

[2] "J.A." refers to the Joint Appendix filed by the parties in this appeal.

At bottom, we are satisfied that the district court did not clearly err in finding, by clear and convincing evidence, that Youngblood would have serious difficulty in refraining from sexually violent conduct or child molestation if released. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*